UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| BILLY RUSSELL, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:18-cv-1666-AGF |
| | ) | |
| ST. CHARLES POLICE DEPARTMENT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff Billy Russell, Jr., an inmate at the St. Charles County Jail, for leave to commence this civil action without prepayment of the required filing fee. Having reviewed the motion and the financial information submitted in support, the Court has determined to grant the motion. The Court will not assess an initial partial filing fee at this time. *See* 28 U.S.C. § 1915(b)(4). In addition, for the reasons discussed below, the Court will partially dismiss the complaint, and direct the Clerk of Court to issue process or cause process to be issued as to defendant Shawn Birdsong in his individual capacity.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's

account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of the instant motion, plaintiff submitted an inmate account statement that spans the period from May 29, 2018 through October 9, 2018. The statement shows that plaintiff's account had few credits, but many debits for "Payment for Trans." (Docket No. 4). As a result, plaintiff's account balance was most often negative. The most recent entry shows an account balance of -$15.97. The Court will therefore not assess an initial partial filing fee at this time. *See* 28 U.S.C. § 1915(b)(4).

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555); *see*

*also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but "does not accept as true any legal conclusion couched as a factual allegation").

*Pro se* complaints are to be liberally construed, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), but they still must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." *Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004).

**The Complaint**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 against the St. Charles County Police Department, and St. Charles County police officer Shawn Birdsong. Plaintiff sues Birdsong in his official and individual capacity. He alleges as follows.

Shortly after a May 29, 2018 traffic stop, Birdsong assaulted plaintiff. The assault took place at a location plaintiff identifies as "5730 Patriotic Trl." (Docket No. 1 at 4). Plaintiff suffered numerous injuries as a result of the assault, including injuries to his right eye and periorbital area, a scratch near his left eye, cervical strain, lumbar strain, and facial injuries. He received medical care from one Dr. George in the emergency department of St. Joseph Health Center in St. Charles.

Plaintiff alleges that the first responders and the hospital refused to provide him a breathing treatment. He also alleges that the St. Charles County Police Department allowed false charges to be filed against him, and falsely imprisoned him. He seeks $80,000 in damages.

**Discussion**

Plaintiff has named the St. Charles County Police Department as a defendant. However, the St. Charles County Police Department is a municipal department of St. Charles County, and is not itself an entity that can be sued under § 1983. Therefore, the complaint is legally frivolous as to this defendant. *See Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (1992) (entities such as police departments are "not juridical entities suable as such. They are simply departments or subdivisions of the City government"). Plaintiff's official capacity claims against Birdsong will also be dismissed. Naming a government official in his official capacity is the equivalent of naming the government entity that employs him, which in this case is the St. Charles County Police Department. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). As explained above, the St. Charles County Police Department cannot be sued under § 1983. *See Ketchum*, 974 F.2d at 82. Even if plaintiff had named St. Charles County as a defendant, the complaint would not state a claim of municipal liability because it fails to allege a direct causal link between a County policy or custom and the alleged constitutional violation. *See Monell v. Dept. of Social Services of City of New York*, 436 U.S. 658, 690-91 (1978). For these reasons, the Court will dismiss defendant St. Charles County Police Department from this action, and will also dismiss plaintiff's official capacity claims against Birdsong.

Liberally construed, plaintiff's allegations state a viable Fourth Amendment claim against Birdsong in his individual capacity. The Court will therefore direct the Clerk of Court to issue process or cause process to issue upon Birdsong in his individual capacity.

Plaintiff also alleges that first responders and the hospital refused him a breathing treatment. These allegations do not state any viable claims for relief. Plaintiff does not allege, nor is it apparent, that any potentially responsible party was a state actor. *See West v. Atkins*, 487

4

U.S. 42, 48 (1988) (to state a claim under § 1983, plaintiff must demonstrate, *inter alia*, that the alleged deprivation of his federally-protected rights was committed by a person acting under color of state law). Even if it could be said that a potentially responsible party was a state actor, plaintiff fails to allege sufficient facts to state a viable deliberate indifference claim. *See Schaub v. VonWald*, 638 F.3d 905, 914 (8th Cir. 2011) (explaining the elements of a viable deliberate indifference claim).

Plaintiff has also filed a motion to appoint counsel. The Court will deny the motion at this time, without prejudice. "A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). When determining whether to appoint counsel for an indigent litigant, the Court considers factors such as the complexity of the case, the ability of the *pro se* litigant to investigate the facts, the existence of conflicting testimony, and the ability of the *pro se* litigant to present his claims. *Id.* After considering these factors, the Court concludes that the appointment of counsel is not warranted at this time. Based upon the complaint, it does not appear that this case is factually or legally complex, nor does it appear that plaintiff will be unable to investigate the facts. In addition, the motion is premature, as the defendant has yet to be served with process, and discovery has not begun. The Court will therefore deny the motion for the appointment of counsel without prejudice, and will entertain future motions for the appointment of counsel, if appropriate, as this litigation progresses.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed *in forma pauperis* (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel (Docket No. 3) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that the St. Charles County Police Department is **DISMISSED** from this action. A separate order of partial dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's official capacity claims against Officer Shawn Birdsong are **DISMISSED** without prejudice. A separate order of partial dismissal will be entered herewith.

**IT IS HEREBY ORDERED** that the Clerk of Court shall issue process or cause process to issue upon the complaint as to defendant Officer Shawn Birdsong in his individual capacity. Defendant shall be served by issuance of summons and service by the U.S. Marshal's Service at the St. Charles County Police Department, 101 Sheriff Dierker Court, O'Fallon, Missouri 63366.

Dated this 2nd day of January, 2019.

_/s/ Audrey G. Fleissig_
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE