UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| BILLY RUSSELL, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:18-cv-1666-AGF |
| | ) | |
| ST. CHARLES COUNTY POLICE | ) | |
| DEPARTMENT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court upon defendant Shawn Birdsong's Motion to Dismiss Plaintiff's Complaint, filed pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. (Docket No. 11/filed February 6, 2019). Plaintiff has responded to the motion, and it is now ripe for disposition. For the reasons explained below, the Court will deny the motion, and direct defendant to answer the complaint.

**Background**

The facts and procedural history of this case are well known to the Court and the parties. However, following is a brief recitation. On October 1, 2018, plaintiff Billy Russell, Jr. filed a complaint pursuant to 42 U.S.C. § 1983 against, *inter alia*, defendant Shawn Birdsong in his individual capacity. Plaintiff alleged that defendant was a police officer with the St. Charles County Police Department who assaulted him following a May 29, 2018 traffic stop at a particular location. He alleged defendant's assault caused him to suffer numerous injuries, including injuries to his right eye and periorbital area, a scratch near his left eye, cervical and lumbar strain, and facial injuries. He received medical care in the emergency department of St.

Joseph Health Center in St. Charles. The Court determined that plaintiff's allegations stated a plausible Fourth Amendment claim against defendant. Defendant now moves for dismissal.

**Legal Standards**

Defendant moves for dismissal pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, arguing that the complaint fails to allege the elements necessary to establish federal question jurisdiction. Defendant does not ask this Court to resolve any disputed issues of fact. The Court construes defendant's motion as advancing a facial attack, and must therefore determine whether plaintiff has sufficiently alleged a basis for subject matter jurisdiction. *See Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990) (internal citations omitted). In so doing, the Court restricts itself to the face of the pleadings, and plaintiff receives the same protections as he would defending against a motion brought pursuant to Rule 12(b)(6). *See Carlsen v. GameStop, Inc.*, 833 F.3d 903, 908 (8th Cir. 2016).

Defendant also moves for dismissal pursuant to Rule 12(b)(6). The purpose of a motion to dismiss for failure to state a claim is to test the legal sufficiency of the complaint. When considering a Rule 12(b)(6) motion, the court assumes the veracity of the complaint's factual allegations, and construes them in the plaintiff's favor. *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989). To survive dismissal, the complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). The issue in considering such a motion is not whether the plaintiff will ultimately prevail, but whether he is entitled to present evidence in support of his claim. *Neitzke*, 490 U.S. at 327.

**Discussion**

In support of his motion to dismiss for lack of jurisdiction, defendant argues that plaintiff failed to include a short and plain statement of the grounds for the court's jurisdiction. However, the first page of the complaint clearly states the action is brought under 42 U.S.C. § 1983. Defendant also argues that federal question jurisdiction is absent because "Plaintiff's only claim remaining is a state-law claim for assault against Officer Birdsong." (Docket No. 11 at 1). It appears this argument is based upon plaintiff's use of the word "assault" to describe defendant's actions at the time in question.

Indeed, the word "assault" is a legal term that describes a state law cause of action. However, the word "assault" is also an English word with an ordinary meaning. According to commonly-known dictionaries, "assault" means to violently attack with some sort of physical means. *See, e.g.*, *Webster's Third New International Dictionary of the English Language* 130 (2002) ("a violent attack with physical means (as blows or weapons)); *New Oxford American Dictionary* 96 (3rd ed. 2010) ("a physical attack"); *Random House Webster's College Dictionary* 81 (2000) ("a sudden violent attack . . ."). As set forth in this Court's January 2, 2019 Memorandum and Order, this Court must liberally construe complaints filed by laypeople. This means that "if the essence of an allegation is discernible," this Court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). Here, the essence of plaintiff's allegations is discernible: defendant was a police officer who violently attacked plaintiff with some sort of physical means and injured him in the course of conducting a traffic stop on a particular date at a particular location. Restricting plaintiff to a state-law cause of action would require the Court to ignore its

duty to liberally construe *pro se* complaints. As this Court previously determined, this claim should be considered within the framework of the Fourth Amendment. The Court concludes that a federal question is presented on the face of plaintiff's complaint, and this Court therefore has jurisdiction over plaintiff's claim pursuant to 28 U.S.C. § 1331.[1]

Next, defendant argues that the complaint should be dismissed because it does not comply with Rule 8. In support, defendant argues that the "facts alleged in the Statement of Claim come down to a conclusory statement of 'Officer Birdsong assaulted me' and provide no factual context surrounding the alleged incident." (Docket No. 11, attch. 1 at 6). Defendant contends that the complaint's allegations are insufficient to give him notice of the claim against him. Defendant also argues that the complaint should be dismissed pursuant to Rule 12(b)(6) because it merely alleges that defendant assaulted plaintiff without providing sufficient factual details about the encounter. In response, plaintiff submitted photographs of himself with facial injuries, and medical records documenting that when seen for medical treatment on the date in question, he complained that the officer punched him in the eye and put his knee to his temple.

Defendant's arguments are not well taken. Plaintiff did not merely allege "Officer Birdsong assaulted me" as defendant asserts. Plaintiff alleged that, on May 29, 2018 at 5730 Patriotic Trl., defendant, a police officer with the St. Charles County Police department, assaulted him during the course of a traffic stop, causing him to suffer physical injuries that necessitated medical treatment. As discussed above, the word "assault" has an ordinary meaning, not just a legal one. Plaintiff's allegations establish that defendant was a state actor who violently attacked plaintiff with some sort of physical means and injured him while conducting a traffic stop at a particular location on May 29, 2018, thus violating plaintiff's

---

[1] Defendant also argues that this Court lacks diversity jurisdiction. As the Court has determined that the complaint establishes the existence of federal question jurisdiction, the Court need not address defendant's arguments concerning diversity jurisdiction.

4

Fourth Amendment rights. At this stage of the proceedings, the issue of whether plaintiff may ultimately be entitled to recover on his claim is not properly before the Court. Additionally, the level of specificity defendant demands is unnecessary. Plaintiff is not required to describe every movement defendant made, or every blow he inflicted. The Court concludes that plaintiff has complied with Rule 8, and that his allegations give defendant adequate notice of the claim against him. The Court also concludes that plaintiff has stated a plausible claim for relief. He is therefore entitled to conduct discovery and present evidence in support of his claim.

Finally, defendant asks the Court to dismiss the complaint because plaintiff failed to set forth his allegations in numbered paragraphs, as required by Rule 10(b) of the Federal Rules of Civil Procedure. Indeed, plaintiff's complaint would not make a perfect model for how to conform one's pleading to Rule 10(b). However, plaintiff obviously made some effort to follow Rule 10(b), as he set forth his allegations in paragraphs that can be said to be limited as far as practicable to a single set of circumstances. The absence of numbers in front of each paragraph would not provide a basis for dismissal without leave to amend, which is not the relief defendant seeks. Defendant cites *Newport v. Gross,* 2011 WL 1136551 (W.D. Mo. 2011) and *Bockelman v. Seaton,* 4 F.R.D. 326 (W.D. Mo. 1944) in support of the proposition that the Court dismiss the complaint without leave to amend. However, in *Newport,* the Court determined that the plaintiff's violation of Rule 10(b) was not fatal because the Court could simply grant the plaintiff leave to amend, but that dismissal was warranted because granting leave to amend would be futile. In *Bockelman,* the Court determined that the plaintiffs made "no pretense" of observing Rules 8 and 10. 4 F.R.D. at 327. In the case at bar, there is no basis for either determination.

The Court will deny defendant's motion to dismiss, and direct him to answer the complaint.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Shawn Birdsong's Motion to Dismiss Plaintiff's Complaint (Docket No. 11) is **DENIED.**

**IT IS FURTHER ORDERED** that defendant Shawn Birdsong shall answer the complaint within fourteen (14) days of the date of this Memorandum and Order.

Dated this 12th day of March, 2019.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE