# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| Billy Russell, Jr. | ) |
| Plaintiff, | ) |
| v. | ) No. 4:18-cv-01666 SRC |
| St. Charles Police Department, et. al. | ) |
| Defendants. | ) |

## DEFENDANT BIRDSONG'S MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

COMES NOW Defendant Officer Shawn Birdsong in his individual capacity ("Defendant Birdsong" or "Birdsong"), by and through his undersigned counsel and, hereby submits his Memorandum in Support of Motion for Summary Judgment.

### FACTS

Defendant Birdsong hereby incorporates by this reference his Statement of Uncontroverted Material Facts ("SUMF"), a copy of whish has been attached to this memorandum pursuant to Local Rule 7-4.01.E.

### LEGAL STANDARD

If there exists no genuine issue of material fact and the moving party is entitled to judgment as a matter of law, a court must grant summary judgment. Fed. R. Civ. Pro. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The party moving for summary judgment must initially demonstrate the absence of a triable issue. *Id.* at 323. Once a summary judgment motion is properly made and supported, however, the non-moving party may not rest upon the allegations in his pleading, but must instead show evidence which indicates that there is a genuine issue of material

fact for trial. *Buford v. Tremayne*, 747 F.2d 445, 447 (8th Cir. 1984). Evidence of a disputed factual issue which is irrelevant, or not significantly probative, will not prevent entry of summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). Summary judgment must be granted to the movant if, after adequate time for discovery, the non-moving party fails to produce any proof to establish the elements essential to the party's case and upon which the party will bear the burden of proof at trial. *Celotex*, 477 U.S. at 322-23.

**ARGUMENT**

On October 1, 2018, Plaintiff Billy Russell, Jr. ("Plaintiff" or "Russell") filed a complaint pursuant to 42 U.S.C. § 1983 against, *inter alia*, Birdsong. Russell alleged that Birdsong, a police officer with the St. Charles County Police Department, had assaulted him following a May 29, 2018 traffic stop. On January 2, 2019, this Court held that Russell's allegations, liberally construed, stated a viable Fourth Amendment claim against Birdsong in his individual capacity.

The Court should grant summary judgment to Defendant Birdsong. Indeed, the undisputed facts show that the force used by Birdsong was reasonable under the circumstances and that Birdsong is entitled to qualified immunity. Further, and to the extent Plaintiff's testimony suggests otherwise, such testimony is so inconsistent with Plaintiff's underlying criminal conviction as to be inadmissible as a matter of law.

**Birdsong used reasonable force to arrest Russell.**

"The force employed by an officer is not excessive, and thus not violative of the Fourth Amendment, if it was 'objectively reasonable under the particular circumstances.'" *Cook v. City of Bella Villa*, 582 F.3d 840, 849 (8th Cir. 2009) (quoting *Greiner v. City of Champlin*, 27 F.3d 1346, 1354 (8th Cir. 1994)). "Determining whether the force used to effect a particular seizure is 'reasonable' under the Fourth Amendment requires a careful balancing of the 'nature and quality of

the intrusion on the individual's Fourth Amendment interests' against the countervailing government interests at stake." *Russell v. O'Connor*, 490 U.S. 386, 396 (1989) (quoting *Tennessee v. Garner*, 471 U.S. 1, 8 (1985)). As such, courts consider the severity of the crime at issue, whether the suspect posed an immediate threat to the safety of the officer or others, and whether the suspect was actively resisting arrest or attempting to evade arrest by flight. *McKenney v. Harrison*, 635 F.3d 354, 359 (8th Cir. 2011) (citing *Littrell v. Franklin*, 388 F.3d 578, 583 (8th Cir. 2004)). Once the predicate facts are established, the reasonableness of an officer's use of force is a question of law. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007).

In weighing these factors, the Court must be mindful that "police officers are often forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation." *Russell,* 490 U.S. at 397, 109 S.Ct. 1865. As such, the Court "must judge the reasonableness of force 'from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight'...." *McKenney,* 635 F.3d at 360 (8th Cir.2011) (quoting *Id.* at 396, 109 S.Ct. 1865).

Here, Birdsong's initial contact with Russell came during a traffic stop following Russell's commission of several traffic violations. SUMF ¶¶ 4-7. When Birdsong ran a records check on the status of Russell's driver's license it was revealed that Russell had an active out of state felony warrant for his arrest. Birdsong attempted to place Russell under arrest for that felony warrant. SUMF ¶¶ 11-13. Russell fled the scene of that traffic stop, striking Birdsong with his vehicle, before leading Birdsong on a high-speed vehicular pursuit, and then continuing to flee on foot into a densely wooded area in the vicinity of an elementary school. SUMF ¶¶ 14-23. Russell refused to comply with Birdsong's lawful orders, and assaulted Birdsong by striking Birdsong in the neck with his elbow and striking Birdsong in the chest with his closed fist. In the course of the foot pursuit

both Birdsong and Russell fell several times, including one occasion when Birdsong fell and landed on Russell. In an attempt to put a stop to the pursuit and the violent resistance, and to gain compliance with his lawful orders, Birdsong struck Russell twice in the upper body, at which point Russell could successfully be placed in handcuffs. SUMF ¶¶ 24-29.

If the traffic violations and the felony warrant were the only reasons to arrest Russell at the time of the alleged excessive use of force, then the severity of the crime factor might favor Plaintiff. However, a complete look at the circumstances including Russell's violent felonies of resisting arrest and assault on a law enforcement officer make it clear that the use of force was reasonable. Russell clearly posed an immediate threat to the officer, and his violent resistance supports the level of force used to prevent further escalation and ultimately to effect his lawful arrest. *Womack v. Bradshaw*, 49 F. Supp. 3d 624, 633 (W.D. Mo. 2014), *aff'd,* 610 Fed. Appx. 582 (8th Cir. 2015). *See Greiner,* 27 F.3d at 1355 (when an arrestee flees, some use of force by police is reasonable).

Given that the force used by Birdsong to arrest Russell was reasonable under the circumstances, the Court should grant Birdsong summary judgment on Russell's excessive use of force claims.

**Birdsong is entitled to qualified immunity.**

The purpose of qualified immunity is to avoid subjecting government officials either to the costs of trial or to the burdens of far-reaching discovery in cases where the legal norms the officials are alleged to have violated were not clearly established at the time. *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 817-18 (1982)). Qualified immunity is "an immunity from suit rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial." *Id.*

In order to determine whether a defendant is entitled to qualified immunity, a court must conduct a two-step inquiry: 1) whether the facts, viewed in the light most favorable to plaintiff, demonstrate the deprivation of a constitutional or statutory right, and 2) whether the right was clearly established at the time of the alleged deprivation. *Jones v. McNeese*, 675 F.3d 1158, 1161 (8th Cir. 2012). Courts may address the two steps in whichever order they choose. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

For a right to be "clearly established" for purposes of the second step, "[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987); *see also McNeese*, 675 F.3d at 1161 (citing *Anderson*). Although there needn't have been a case directly on point in order for a right to be clearly established, "existing precedent must have placed the statutory or constitutional question beyond debate." *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011).

As argued above, Birdsong acted reasonably in using some force to subdue Russell, and therefore, he did not violate Russell's rights. However, even if the Court were to find that Birdsong used too much force to arrest Russell, the Court should grant him summary judgment because he could not have known based on existing case law that it would violate Russell's rights to use some force to stop Russell from fleeing a lawful arrest, *see McKenney*, 635 F.3d at 360. Indeed," the right to make an arrest…necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it." *Graham v. Connor*, 490 U.S. 386, 396 (1989). *See Cook v. City of Bella Villa*, 582 F.3d 840, 853 (8th Cir. 2009) (allegedly being thrown against two vehicles was objectively reasonable). As such, he cannot be held liable for violating Russell's clearly established rights. *See al-Kidd*, 563 U.S. at 741.

**The Supreme Court Decision in *Heck v. Humphrey* bars Russell's claims.**

"[W]hen a . . . prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck v. Humphrey*, 512 U.S. 477, 487, (1994).

Here, because the facts upon which Russell's excessive force claim depends would, if true, necessarily imply the invalidity of his convictions for resisting arrest and assault on a law enforcement officer, his claims are barred. *Id.* Having had an opportunity to depose Russell, it is clear that Russell's claims are irreconcilably inconsistent with his guilt in his underlying criminal case. Russell voluntarily entered a guilty plea in his state circuit court criminal case and was sentenced to a period of incarceration. SUMF ¶¶ 31-32.

In contrast, Russell now claims that he was stopped by Birdsong and arrested for no reason other than his race, and that he is in prison for something that he didn't do. *See, e.g.,* Deposition of Russell, attached to SUMF as Exhibit A, at 43: 20; 45:3-4.

If Russell's version of events were taken as true, it would undermine the state circuit court's finding in his criminal case that probable cause existed to detain and arrest him, cf. SUMF ¶¶ 31-32, and it would imply the invalidity of his criminal conviction.

Where a convicted felon alleging excessive force "makes specific allegations inconsistent with the facts upon which [his] criminal conviction was based, *Heck* will bar the lawsuit for excessive force." *Stroud v. St. Louis Police Dept.*, 4:07CV359SNLJ, 2011 WL 3880569, at *4 (E.D. Mo. Aug. 31, 2011); *see also Bibby v. Bell*, 1:10CV00171 SNLJ, 2011 WL 1348368, at *2 (E.D.

Mo. Apr. 8, 2011) (*Heck* barred plaintiff's excessive force claims because such claims, if true, would undermine validity of plaintiff's prior conviction).

Consequently, because Russell's allegations of excessive force are inconsistent with the facts upon which his criminal conviction was based, his claims are barred by *Heck*, and the Court should grant Birdsong summary judgment as to such claims. *See Heck*, 512 U.S. at 487; *Stroud*, 2011 WL 3880569, at *4; *Bibby*, 2011 WL 1348368, at *2.

**Russell's excessive force claims are barred by collateral estoppel.**

"It is well established that a prior criminal conviction may work an estoppel in favor of the Government in a subsequent civil proceeding." *Emrich Motors Corp. v. General Motors Corp.*, 340 U.S. 558, 568 (1951). "The doctrine of collateral estoppel applies to matters necessarily decided in the former judgment even if there is no specific finding or reference thereto." *Irving v. Dormire*, 586 F.3d 645, 648 (8th Cir. 2009). Furthermore, a guilty plea is an admission of all the elements of a formal criminal charge. *See McCarthy v. United States*, 394 U.S. 459, 466 (1969); *see also Kress v. United States*, 411 F.2d 16, 20 (8th Cir. 1969).

In this case, Russell plead guilty to resisting arrest and assaulting a law enforcement officer. Indeed, the state circuit court could not have convicted Russell of resisting arrest and assault on a law enforcement officer unless it believed Russell's plea was given voluntarily, and unless there was a factual basis to support the plea. SUMF ¶ 31.

Therefore, and because Birdsong's version of events are supported by the facts necessarily determined during his criminal plea of guilt, the Court should grant Birdsong summary judgment on Russell's excessive force claims.

If this case were to go to trial, no reasonable jury could believe that Russell is now telling the truth about the circumstances under which he was arrested in light of Birdsong's testimony, the

finding of guilt based on Russell's plea of guilt, and the facts already determined against Russell. As such, and because there are no *genuine* issues of material fact to be determined by a jury, the Court should grant Birdsong summary judgment on Russell's excessive force claims. *Reed v. City of St. Charles, Mo.*, 561 F.3d 788, 791 (8th Cir. 2009).

## CONCLUSION

WHEREFORE, and for all of the foregoing reasons, Defendant Birdsong respectfully requests the Court to grant his Motion for Summary Judgment, and any other and further relief the Court deems fair and appropriate.

Respectfully submitted,

**OFFICE OF THE ST. CHARLES COUNTY COUNSELOR**

By:*/s/ Rory P. O'Sullivan*
Rory P. O'Sullivan, #62388
Associate County Counselor
100 North Third Street
St. Charles, Missouri 63301
Tel: 636-949-7540
Fax: 636-949-7541
ROSullivan@sccmo.org

**ATTORNEY FOR DEFENDANT**
**OFFICER SHAWN BIRDSONG**

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of October, 2019, a true copy of the foregoing was sent via first class mail, to the following non-participant in the Electronic Case Filing System:

Billy Russell, Jr. #1338906
Algoa Correctional Center
8501 No More Victims Road
Jefferson City, MO 65101

                                                                   */s/Rory P. O'Sullivan*