**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| BILLY RUSSELL, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:18-cv-01666-SRC |
| ) | |
| OFFICER SHAWN BIRDSONG, in his ) | |
| individual capacity, ) | |
| ) | |
| Defendant. | |

**Memorandum and Order**

When Officer Shawn Birdsong attempted to arrest Plaintiff Billy Russell pursuant to a felony warrant, Russell actively and violently resisted arrest. Birdsong ultimately used force to subdue and arrest Russell, who was then charged and convicted with assaulting Birdsong during the arrest. Russell now alleges that Officer Birdsong violated his Fourth Amendment rights by using excessive force. Because Birdsong's use of force was objectively reasonable, the Court grants his motion for summary judgment [40].

**I.      Facts and background**

Officer Birdsong, in accordance with the Court's Local Rules, has submitted a Statement of Uncontroverted Material Facts. Russell failed to respond to Officer Birdsong's facts in accordance with the Federal Rules of Civil Procedure and the Court's Local Rules.

Rule 56(c)(1) of the Federal Rules of Civil Procedure provides the procedures for supporting factual positions:

> (1) A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> > (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or

1

>   declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
>   (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Relatedly, Rule 4.01(E) of this Court's Local Rules provides:

>   (E) Every memorandum in support of a motion for summary judgment must be accompanied by a document titled Statement of Uncontroverted Material Facts…. Every memorandum in opposition must be accompanied by a document titled Response to Statement of Material Facts…. The Response must set forth each relevant fact as to which the party contends a genuine issue exists. The facts in dispute shall be set forth with specific citation(s) to the record, where available, upon which the opposing party relies. The opposing party also shall note for all disputed facts the paragraph number from the moving party's Statement of Uncontroverted Material Facts. *All matters set forth in the moving party's Statement of Uncontroverted Material Facts shall be deemed admitted for purposes of summary judgment unless specifically controverted by the opposing party.*

E.D.Mo. L.R. 4.01(E) (emphasis added).

Russell failed to follow these rules. *Pro se* litigants are not excused from complying with substantive and procedural law, including the Court's Local Rules. *Farnsworth v. City of Kansas City, Mo.*, 863 F.2d 33, 34 (8th Cir. 1988); *Bunch v. Univ. of Arkansas Bd. of Trustees*, 863 F.3d 1062, 1067 (8th Cir. 2017). The Court does not automatically grant summary judgment for Birdsong as a result of Russell's failure to properly respond to Birdsong's statement of material facts. Instead, the Court deems the facts set forth by Birdsong admitted pursuant to Local Rule 401(E). *Reasonover v. St. Louis Cty.*, Mo., 447 F.3d 569, 579 (8th Cir. 2006). Birdsong must still establish that he is entitled to judgment as a matter of law. *Id.*

The undisputed facts, as set forth in Birdsong's statement of facts, are as follows:

### A.     Traffic stop

Birdsong is a police officer with the St. Charles County Police Department. On the date of the events giving rise to this lawsuit, Officer Birdsong was assigned to traffic enforcement

duty.  Birdsong was monitoring traffic while parked on the road shoulder in his patrol car when he observed a vehicle speed past.  The vehicle, a 2006 Ford Escape, was exceeding the speed limit and tailgating the vehicle in front of it.  Birdsong activated his patrol car's lights and siren and attempted to initiate a traffic stop.  Russell, who was driving the 2006 Ford Escape, did not immediately pull over.  Instead, he made two right turns before eventually pulling the vehicle over to the shoulder.

Birdsong approached the 2006 Ford Escape and found Russell to be the sole occupant.  He advised Russell of the reason for the traffic stop and requested Russell's license and vehicle registration.  Birdsong ran Russell's license and discovered active warrants for his arrest, including a felony burglary warrant from Illinois and a theft warrant from Iowa.  Both warrants requested extradition.   Birdsong returned to the 2006 Ford Escape and asked Russell to step out of the vehicle to discuss the active warrants.  Russell refused and became agitated.  He told Birdsong, "F*ck you, you gonna have to kill me."  At that time, Birdsong told Russell he was under arrest and ordered him to exit the vehicle.  Again, Russell refused.

**B.     Russell flees in his vehicle**

Birdsong attempted to open the driver's side door but found it locked.  At the same time, Russell revved his engine, placed the vehicle in drive and jerked the steering wheel in Birdsong's direction.  This caused the vehicle to strike Birdsong's left leg and chest with enough force to push him into the traffic lane.  Russell fled in his vehicle, driving at high speed.  He turned onto a residential street with no outlet.  Birdsong returned to his patrol car, activated the lights and siren, and began to pursue Russell.  As Birdsong turned onto the residential street, Russell had already reached the end of the no-outlet street and was now traveling towards Birdsong.  Birdsong had to take evasive maneuvers to avoid being struck head-on by Russell's vehicle.

Russell continued to flee in his vehicle, driving at a high speed, with Birdsong in close pursuit. Russell sped through a red light at one intersection. Finally, Birdsong observed Russell run his car off the road, disabling the vehicle.

### C. Russell continues his flight on foot

Russell abandoned the disabled vehicle and fled on foot into a heavily wooded area. Birdsong exited his patrol car and, without ever losing sight of Russell, pursued him on foot into the woods. As Birdsong chased Russell through the woods, they both tripped and fell multiple times because of the dense underbrush and vines. Birdsong pursued Russell into the woods for approximately 300 yards before he caught up. Birdsong loudly yelled, "Stop resisting, you're under arrest!" Russell tripped and was trying to get back to his feet when Birdsong came within reach. At that moment, Russell swung his elbow backward and struck Birdsong in the neck and throat. Birdsong's momentum carried him forward and he fell and landed on Russell.

### D. Arrest

While Birdsong was getting to his feet, he observed Russell make a motion with his left hand towards his waist. Birdsong was immediately concerned that Russell was reaching for a weapon. Birdsong shouted, "Show me your hands, stop resisting, you're under arrest!" Russell did not comply, but instead swung his fist, striking Birdsong in the chest. Birdsong, attempting to halt Russell's violent resistance and take him into custody, delivered two strikes to the right side of Russell's upper body. Russell then ceased his active resistance, allowing Birdsong to place him in handcuffs.

After placing him under arrest, Birdsong asked Russell if he needed medical attention. Russell responded that he was OK, but out of breath. Birdsong escorted Russell out of the woods to the patrol car. EMS was already on the scene. After EMS examined Russell, another

4

St. Charles County police officer transported him to the hospital. At the hospital, a physician evaluated Russell and determined that he was fit for confinement. Russell was then transported to the St. Charles County Jail.

### E. Russell's state court conviction

Russell was charged in state court with three felony counts as the result of his post-traffic-stop conduct. He pleaded guilty to one count of assault on a law enforcement officer in the second degree (a class B felony), one count of resisting arrest (a class E felony), and one count of assault on a law enforcement officer in the third degree (a class D felony). The court sentenced him to five years in the Missouri Department of Corrections for the Class B felony, four years for the Class E felony, and six years for the Class D felony.

## II. Standard

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment shall be entered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In ruling on a motion for summary judgment, the Court is required to view the evidence in the light most favorable to the non-moving party and must give that party the benefit of all reasonable inferences to be drawn from the underlying facts. *AgriStor Leasing v. Farrow*, 826 F.2d 732, 734 (8th Cir. 1987). The moving party bears the initial burden of showing both the absence of a genuine issue of material fact and entitlement to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); Fed. R. Civ. P. 56(c).

In response to the proponent's showing, the opponent's burden is to "come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v.*

*Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)).  Self-serving, conclusory statements without support are insufficient to defeat summary judgment.  *Armour and Co., Inc. v. Inver Grove Heights*, 2 F.3d 276, 279 (8th Cir. 1993).  Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

**III.** **Discussion**

Russell's complaint alleges that Officer Birdsong "assaulted" him after the traffic stop causing injuries including swelling and discoloration of his right eye, a scratch near his left eye, cervical and lumbar strain, and facial injuries.  Doc. 1.  The Court previously dismissed Plaintiff's claims against the St. Charles County Police Department and against Officer Birdsong in his official capacity.  Doc. 5.  Liberally construing Russell's *pro se* complaint, the Court determined that Russell stated a claim against Birdsong under the Fourth Amendment.  Doc. 6 at 4; Doc. 14 at 3-4.

Birdsong argues that he is entitled to summary judgment because his use of force was objectively reasonable under the circumstances, and thus no constitutional violation occurred.  Birdsong further argues that he is immune from suit under the doctrine of qualified immunity.  The Court agrees.

**A.**     **Officer Birdsong's use of force was objectively reasonable**

The Court analyzes excessive force claims "in the context of seizures under the Fourth Amendment, applying its reasonableness standard."  *Brown v. City of Golden Valley*, 574 F.3d 491, 496 (8th Cir. 2009).  The Supreme Court's "Fourth Amendment jurisprudence has long

6

recognized that the right to make an arrest or investigatory stop necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it." *Graham v. Connor*, 490 U.S. 386, 396 (1989).  Here, both Birdsong's initial stop of Russell's vehicle and subsequent arrest of Russell were justified.  Russell was exceeding the speed limit and driving recklessly by tailgating another vehicle.  After pulling Russell over for those traffic violations, Birdsong initiated an arrest when he discovered outstanding warrants.  Both warrants requested extradition.  Thus, Birdsong unquestionably had the right to use some degree of force or threat thereof to effectuate Russell's arrest.  *Graham*, 490 U.S. at 396.  The Court must determine "whether the amount of force used was objectively reasonable under the particular circumstances."  *Brown*, 574 F.3d at 496 (8th Cir. 2009) (quoting *Henderson v. Munn*, 439 F.3d 497, 502 (8th Cir. 2006)).

   The Court evaluates Birdsong's use of force "from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight."  *Brown*, 574 at 496 (quoting *Graham*, 490 U.S. at 396).  "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates the Fourth Amendment."  *Graham*, 490 U.S. at 396 (internal quotation marks and citation omitted).  "The calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation."  *Id.* at 396-97.

   The Court finds that Officer Birdsong used objectively reasonable force to pursue, subdue, and ultimately arrest Russell.  The reasonableness of an officer's use of force when stopping or arresting a suspect depends on factors including "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether

7

he is actively resisting arrest or attempting to evade arrest by flight." *Graham*, 490 U.S. at 396; *see also Rohrbough v. Hall*, 586 F.3d 582, 587 (8th Cir. 2009).  Each of these considerations weighs in favor of finding that Birdsong's use of force was reasonable.  Although Birdsong initially pulled Russell over for a traffic violation, he only initiated the arrest after discovering active warrants, including at least one felony warrant.  Birdsong used no force until after initiating the felony arrest.  Thus, the crime at issue here is a felony, rather than a traffic violation.

Second, Russell was actively resisting arrest and attempting to evade arrest by flight.  He fled from Birdsong both in his vehicle and on foot.  He attempted to escape into the woods, leading Birdsong on a chase that resulted in both men tripping and falling repeatedly.  Russell ignored Birdsong's orders to stop resisting.  He was still actively trying to flee when Birdsong tackled him to the ground.  Given Russell's active resistance, the Court find this use of force by Birdsong objectively reasonable.

Finally, in the recklessness of his attempts to evade arrest, Russell repeatedly demonstrated that he posed a threat to Birdsong and to others.  Russell's very first act in attempting to evade arrest was to hit Birdsong with his vehicle with enough force to push him into a traffic lane.  Russell then drove recklessly and at high speed attempting to elude Birdsong's pursuit, potentially endangering others.  He drove his vehicle towards Birdsong's patrol car, forcing Birdsong to take evasive maneuvers.  He drove through a red light, also potentially endangering others.

When Birdsong caught up to Russell in the woods, Russell morphed his resistance into active violence.  He struck Birdsong in the neck and throat with his elbow.  Even after Birdsong ordered Russell to stop resisting, Russell responded by punching Birdsong in the chest.  Russell's

8

flight into the woods meant that Birdsong was alone, without backup, engaged in a physical altercation with an actively violent suspect who was possibly armed.  As far as Birdsong knew, he was involved in a life-or-death struggle.  He saw Russell reach his hand to his waistband, as though reaching for a weapon.  Ultimately, to stop Russell's active and violent resistance, Birdsong delivered two strikes to Russell's upper body.  Russell then stopped resisting and allowed Birdsong to place him in handcuffs.  Considering the totality of the circumstances, the Court concludes that Officer Birdsong's use of force was objectively reasonable.

   **B. Russell's opposition to summary judgment**

As noted above, Russell did not comply with the Court's local rules regarding opposing a motion for summary judgment.  However, in response to the Court's show cause order, Russell did file a statement of cause why Birdsong's motion for summary judgment should not be granted.  Doc. 44.  The Court considers Russell's opposition to the extent it responds to Birdsong's statement of facts.  *See Bunch v. Univ. of Arkansas Bd. of Trustees*, 863 F.3d 1062, 1067 (8th Cir. 2017) ("to the extent [plaintiff] did respond to [defendant]'s statement of facts in her motion in opposition, the district court expressly considered [plaintiff]'s responses").

The Court identifies only three statements in Russell's opposition which (liberally construed) might constitute response to Birdsong's statement of facts.  First, Russell states: "Officer Birdsong…swore that I struck him in violent manners [sic].  These statements have no physical evidence."  Doc. 44 at 2.  Russell's response does not show a dispute of material fact.  He acknowledges relevant evidence in the record (i.e., Birdsong's sworn testimony).  He cannot create a factual dispute merely by showing the *absence* of other, corroborating evidence.  Russell bears the burden to show affirmative evidence in the record controverting Birdsong's testimony.  Fed. R. Civ. P. 56(c)(1)(A).  He has not done so.

Russell further states that Birdsong "repeatedly punched me in the face, which I've already admitted picture evidence of." Doc. 44 at 2. Birdsong's statement of facts states that he "delivered two strikes to the right side of Russell's upper body." Doc. 42 at ¶ 29. Birdsong's statement is arguably reconcilable with Russell's assertion that Birdsong "repeatedly" punched him "in the face." Assuming without deciding that Russell's statement actually conflicts with Birdsong's testimony, the Court finds that any discrepancy is immaterial. The Court has reviewed the picture evidence Russell references in his opposition. The photographs depict Russell at the time of his arrest and show him with a swollen right eye. Doc. 12-1 at 1-3. A handwritten note on the photos, presumably from Russell, says "picture shows eye swelling from being punched." *Id.* at 1. Russell's medical records from the date of the arrest do not support his claim that the swollen eye was caused by Birdsong punching him. Those records note: "Patient [was] tackled by PD after foot pursuit. … There was an altercation with police and the police officer's body weight fell on the patient." Doc. 20 at 3. This is consistent with Birdsong's testimony that he tackled Russell as he attempted to flee.

But even if Birdsong did cause Russell's swollen eye by punching him, the Court would still find that his use of force was objectively reasonable. In evaluating reasonableness, the Court may consider the degree of injury inflicted "insofar as it tends to show the amount and type of force used." *Grider v. Bowling*, 785 F.3d 1248, 1252 (8th Cir. 2015) (quoting *Chambers v. Pennycook*, 641 F.3d 898, 906 (8th Cir. 2011)). Here, a physician evaluated Russell the day of his arrest and found him "fit for confinement" without caveat or limitation. Doc. 12-1 at 4. Upon intake at the jail, Russell denied any physical limitations. *Id.* at 5. Even if Birdsong did strike Russell in the face to subdue him in the course of the arrest, nothing in the record indicates

10

he caused severe or lasting injury.  Thus, Russell's statement that Birdsong punched him in the face, even if true, does not preclude summary judgment.

Finally, Russell states that Birdsong's testimony that Russell assaulted him "isn't true." Doc. 44 at 3.  Unlike Russell's other statements, this assertion would create a genuine issue of material fact, were the Court to accept it.  The Court's determination that Birdsong's use of force was objectively reasonable is largely predicated on Birdsong's testimony, especially his testimony that he used force only after and in response to Russell's assault.  Were Birdsong's testimony controverted on that critical point, a genuine factual dispute would be left for trial. However, Russell's assertion that he did not assault Birdsong is inadmissible.  Under *Heck v Humphrey*, 512 U.S. 477, 487 (1994), the Court must consider "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated."  *Id.* at 487; *see also Rogers v. Adams*, 103 F. App'x 63, 64 (8th Cir. 2004) (affirming district court's grant of summary judgment under *Heck* where prisoner's claim that "officers falsified police reports and provided false information at a probable cause hearing would imply the invalidity of his conviction for drug possession").

Where a convicted felon alleging excessive force "makes specific allegations inconsistent with the facts upon which [his] criminal conviction was based, *Heck* will bar the lawsuit for excessive force."  *Stroud v. St. Louis Police Dept.*, 4:07CV00359-SNLJ, 2011 WL 3880569 at *4 (E.D. Mo. Aug. 31, 2011); *see also Bibby v. Bell*, No. 1:10CV00171-SNLJ, 2011 WL 1348368 at *2 (E.D. Mo. Apr. 8, 2011) (*Heck* barred plaintiff's excessive force claims because such claims, if true, would undermine the validity of plaintiff's conviction); *Thurmond v. Elkins*, No. 4:17CV00314-JM-JTK, 2019 WL 1497038, at *2 (E.D. Ark. Mar. 12, 2019) (same).  Here,

11

Russell's claim that he did not assault Birdsong is patently inconsistent with his two felony convictions for assaulting Birdsong. Accordingly, Russell's opposition to Birdsong's motion for summary judgment fails to create any issue of material fact.

### C. Officer Birdsong is entitled to qualified immunity

"The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Qualified immunity "is an *immunity from suit* rather than a mere defense to liability ... it is effectively lost if a case is erroneously permitted to go to trial." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (emphasis in original). "To prevail against a claim of qualified immunity, a plaintiff must show (1) that the facts alleged or shown by the plaintiff make out a constitutional violation, and (2) that the constitutional right allegedly violated was 'clearly established.'" *Swearingen v. Judd*, 930 F.3d 983, 987 (8th Cir. 2019) (quoting *Pearson*, 555 U.S. at 232).

Here, Russell's Fourth Amendment claim fails at the first prong. Because the Court has determined that Officer Birdsong's use of force was objectively reasonable, there is no constitutional violation and he is entitled to qualified immunity. *Habhab v. Hon*, 536 F.3d 963, 969 (8th Cir. 2008) ("[i]f the allegations and undisputed facts do not amount to a constitutional violation, there is no necessity for further inquiries concerning qualified immunity."). Thus, the Court need not reach the question of whether Russell's allegedly violated rights were "clearly established." *See Walton v. Dawson*, 752 F.3d 1109, 1116 (8th Cir. 2014) (prongs of qualified immunity claim may be considered "in any order"). Accordingly, Birdsong is qualifiedly immune from suit and the Court grants his motion for summary judgment.

### IV. Birdsong's Motion to Compel

Birdsong has separately moved the Court to compel responses to certain questions Russell refused to answer during his deposition. Doc. 39. Because the Court grants Birdsong's motion for summary judgment, the motion to compel will be denied as moot.

Accordingly,

**IT IS HEREBY ORDERED** that [40] Defendant's Motion for Summary Judgment is GRANTED. A separate Judgment in accordance with this Memorandum and Order is entered this same date.

**IT IS FURTHER ORDERED** that [39] Defendant's Motion to Compel is DENIED, as moot.

So Ordered this 3rd day of June, 2020.

/s/ SLR.CR

**STEPHEN R. CLARK**
**UNITED STATES DISTRICT JUDGE**